United States District Court
Southern District of Texas
**ENTERED**
November 23, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| AMRUTBHAI ATMARAM PRAJAPATI, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-26-6214 |
| | § | |
| JOSEPH EDLOW, Director, United States Citizenship and Immigration Services, | § | |
| | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Prajapati ("Plaintiff") brought this action against Joseph Edlow ("Defendant") alleging that the United States Citizenship and Immigration Services ("USCIS") has unreasonably delayed the adjudication of his interim benefits under the Bona Fide Determination Policy.[1] Pending before the court is Defendant's Motion to Dismiss (Docket Entry No. 9) (sealed). For the reasons stated below Defendant's Motion to Dismiss will be granted, and this case will be dismissed with prejudice.

### I. Background

Plaintiff is a citizen of India currently residing in the United States.[2] On September 2, 2025, Plaintiff was the victim of an armed robbery.[3] As a result, on January 30, 2026, Plaintiff filed a U-visa form I-918 application along with a form I-765 requesting interim work authorization.[4]

---

[1]Pro Se Complaint ("Complaint"), Docket Entry No. 1, p. 5 ¶ 33. For the purposes of identification, all page numbers reference the pagination imprinted at the top of the page by the court's Electronic Case Filing system.

[2]Id. at 3 ¶ 14.

[3]Id. ¶ 15.

[4]Id. at 3-4 ¶¶ 16-17.

Courts within the Southern District of Texas have explained the U-visa process as follows:

> Non-immigration aliens who are the victims of a crime on U.S. soil can apply for a U-visa, which if granted confers legal status and work authorization. See 8 U.S.C. § 1101(a)(15)(U). Congress has provided that the number of aliens who may be issued U-visas or otherwise provided status as nonimmigrants shall not exceed 10,000 per year. Id. § 1184(p)(2). Because the numbers of U-visa applicants routinely exceed the statutory cap, the United States Citizenship and Immigration Services ("USCIS") has implemented "three distinct adjudicative processes" for implementation of the U-visa program. U.S. CITIZENSHIP AND IMMIGRATION SERVICES, [3 HUMANITARIAN PROT. & PAROLE] POLICY MANUAL Part C, Chapter 4 (August 27, 2024) [hereinafter "POLICY MANUAL"], www.uscis.gov/policy-manual/volume-3-part-c-chatper-4.
>
> One of those processes is an application for "Bone Fide Determination ("BFD"), a pre-waiting list where applicants may receive interim benefits like employment authorization documents ("[Work Authorization]"). The Secretary of Homeland Security adopted the BFD Policy pursuant to the Secretary's discretionary authority under the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1184(p)(6). See U.S. CITIZENSHIP AND IMMIGRATION SERVICES, POLICY ALERT, PA-2021-13 (June 14, 2021) [hereinafter 2021 POLICY ALERT], www.uscis.gov/sites/default/files/document/policy-manual-updates/20210614-VictimsOfCrimes.pdf.

D'Cruz v. United States Citizenship and Immigration Services, Civil Action No. H-24-340, 2024 WL 4523307, at *1 (S.D. Tex. Oct.9, 2024).

> Under the BFD process, USCIS conducts a review to determine whether a pending U visa petition is "bona fide." . . . If a petition is determined to be bona fide, the applicant may receive a[] [Work Authorization] document [] and deferred action. . . . Petitions of noncitizens who were granted BFD Employment Authorizations generally bypass the waiting list and move forward to final adjudication. . . . Petitioners who do not receive a BFD Employment Authorization will receive a waiting list adjudication. . . .

Vimal S. P. v. Garland, Civil Action No. 4:24-cv-04002, 2025 WL 2774400, at *2 (S.D. Tex. Sept. 26, 2025) (citations omitted). Plaintiff invoked this process by filing a U-visa form I-918 for Bona Fide Determination and a form I-765 for Work Authorization. Plaintiff's U-visa form and form I-765 remain pending.

On August 3, 2026, eight months after filing his initial application, Plaintiff filed his Complaint challenging USCIS's delay in implementing the Bona Fide Determination Policy and

granting his Work Authorization.[5] Plaintiff asserts that Defendant's unreasonable delay in the adjudication of his interim benefits under the Bona Fide Determination Policy violates the Administrative Procedure Act ("APA").[6]

On October 9, 2026, Defendant filed his motion to dismiss, arguing that the jurisdiction stripping provision under 8 U.S.C. § 1252(a)(2)(B)(ii) bars judicial review.[7] Alternatively, Defendant argues that Plaintiff has failed to state an unreasonable delay claim because his case has been pending for eight months.[8] Plaintiff has not filed a response.

## II. Legal Standard

"[A] 12(b)(1) factual attack on the court's subject matter jurisdiction may be based on '(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.'" Kling v. Hebert, 60 F.4th 281, 284 (5th Cir. 2023) (quoting Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam)).

## III. Analysis

Plaintiff alleges that USCIS's unreasonable delay of the adjudication of his interim benefits under the Bona Fide Determination Policy violates §§ 706(1) and 555(b) of the APA.[9] Specifically, Plaintiff is challenging the USCIS's delay in determining (1) whether his I-918 application is a bona

---

[5]Id. at 5 ¶ 33.

[6]Id. ¶ 29.

[7]Defendant's Motion to Dismiss, Docket Entry No. 9, pp. 6-20 (sealed).

[8]Id. at 20-24 (sealed).

[9]Complaint, Docket Entry No. 1, p. 5 ¶ 33.

fide application and (2) whether his I-765 form for Work Authorization will be granted.[10] Defendant argues that the jurisdiction stripping provision under 8 U.S.C. § 1252(a)(2)(B)(ii) bars judicial review of Plaintiff's claims under the APA.[11]

Although the APA provides a reviewing court jurisdiction to "'compel agency action unlawfully withheld or unreasonably delayed,'" 5 U.S.C. § 706(1), "the APA does not apply when, as here, other 'statutes preclude judicial review.'"[12] D'Cruz, 2024 WL 4523307, at *2-3 (quoting 5 U.S.C. § 701(a)(1)). For immigration cases, 8 U.S.C. § 1252(a)(2)(B)(ii) of the INA "strips courts of jurisdiction to review 'any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter [subchapter II–Immigration, 8 U.S.C. §§ 1151-1381] to be in the discretion of the Attorney General or the Secretary of Homeland Security[.]" Id. *3 (quoting 8 U.S.C. § 1252(a)(2)(B)(ii)) (emphasis added). Section § 1252(a)(2)(B)(ii) also strips courts of jurisdiction to review policies that are practically related to discretionary determinations. Cheejati v. Blinken, 106 F.4th 388, 393-94 (5th Cir. 2024) (barring judicial review of policies that are "practical applications of the discretion afforded the Attorney General in [8 U.S.C.] § 1255(a)"); see also Patel v. Garland, 142 S. Ct. 1614 (2022). Section 1252(a)(B)(ii)'s jurisdiction bar applies to both "discrete acts undertaken to render an adjustment decision and the timing of those acts." Cheejati, 106 F.4th at 394 (emphasis added).

---

[10]The Bona Fide Determination Policy involves a two-step process. First, "USCIS conducts a review to determine whether a pending U visa petition is 'bona fide.'" See Vimal S. P., 2025 WL 2774400, at *2. Then "[i]f a petition is determined to be bona fide, the applicant may receive an employment authorization document . . . and deferred action." Id.

[11]Defendant's Motion to Dismiss, Docket Entry No. 9, pp. 6-20 (sealed).

[12]Section 706(1) of the APA grants courts with jurisdiction to "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1). And under § 555(b) of the APA, agencies must "conclude a matter presented to it" and do so "within a reasonable time." Id. § 555(b).

Because § 1252(a)(2)(B)(ii) applies to both discretionary acts of the Secretary and any judgment relating to the granting of such discretionary relief, the court does not have jurisdiction to review whether USCIS's delay in determining whether (1) Plaintiff's I-765 form for Work Authorization will be granted or (2) his I-918 application is a bona fide application violates the APA.

**A. Employment Authorization Decision**

Section 1252(a)(2)(B)(ii) clearly divests this court's jurisdiction to review decisions regarding Employment Authorization. The relevant INA provision provides that "[t]he Secretary may grant work authorization to any alien who has a pending, bona fide application for nonimmigrant status." 8 U.S.C. § 1184(p)(6) (emphasis added). "[T]he word 'may' clearly connotes discretion." Bouarfa v. Mayorkas, 145 S. Ct. 24, 30 (2024) (internal quotation marks omitted).

Accordingly, because the Employment Authorization decision is purely discretionary, and because § 1252(a)(2)(B)(ii) strips this court of jurisdiction to review discretionary decisions or actions of the Secretary of Homeland Security, the court does not have jurisdiction to compel the adjudication of Plaintiff's application for Employment Authorization. D'Cruz, 2024 WL 4523307, at *3; Vimal S. P., 2025 WL 2774400, at *4.

**B. Bona Fide Determination**

Section 1252(a)(2)(B)(ii) also divests this court's jurisdiction to review the bona fide determinations. In Patel, 142 S. Ct. at 1614, the Supreme Court held that § 1252(a)(2)(B)(I) divests federal courts of discretion to review not only the specified discretionary grants of relief, but also "any judgment regarding the granting of relief." The Fifth Circuit "has extended Patel's reasoning to subsection 1252(a)(2)(B)(ii), construing its use of the word 'any' to preclude judicial review of

policies that are practically related to discretionary determinations." Vimal S. P., 2025 WL 2774400, at *4; Cheejati, 106 F.4th at 393-94.

Accordingly, because bona fide determinations are "a predicate to discretionary Employment Authorizations," and because § 1252(a)(2)(B)(ii) "preclude[s] judicial review of [any] policies that are practically related to discretionary determinations," Vimal S. P., 2025 WL 2774400, at *4, this court lacks jurisdiction to compel the adjudication of Bona Fide Determinations. See, e.g., D'Cruz, 2024 WL 4523307, at *3; Vimal S. P., 2025 WL 2774400, at *4.

## IV. Conclusion and Order

For the reasons explained above, Defendant's Motion to Dismiss (Docket Entry No. 9) (sealed) is **GRANTED**, and Plaintiff's claims are **DISMISSED WITHOUT PREJUDICE** under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction.

**SIGNED** at Houston, Texas, on this the 23rd day of November, 2026.

SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE